IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LML INVESTMENTS, LLC <br> 225 Business Center Drive <br> Blacklick, OH 43004 <br><br> Plaintiff, <br><br> v. <br><br> BELK, INC. <br> 2801 W. Tyvola Rd. <br> Charlotte, NC 28217 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. _____ <br><br> Judge: |

**COMPLAINT FOR COUNTERFEITING, TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION AND PASSING OFF
AND REVERSE CONFUSION**

Plaintiff LML Investments, LLC ("LML" or "Plaintiff"), by and through undersigned counsel, for its Complaint against Defendant Belk, Inc. ("Belk" or "Defendant"), states as follows:

1. This is an action for counterfeiting, trademark infringement and reverse confusion under the Lanham Act, 15 U.S.C. §1114, and unfair competition, passing off, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendant's unauthorized use of Plaintiff's COUNTRY GIRL trademark.

**Parties**

2. Plaintiff LML is an Ohio limited liability corporation with a principal place of business at 225 Business Center Drive, Blacklick, Ohio.  Since at least as early as 2004, LML and its predecessor in interest has been in the business of selling clothing and other merchandise bearing its COUNTRY GIRL trademark.

3. Upon information and belief, Defendant Belk is a North Carolina Corporation, with its principal place of business at 2801 W. Tyvola Rd., Charlotte, NC. Belk operates retail department stores throughout the Southeastern United States, and operates a website and sells its products across the country, including in this District. Belk advertises its stores on national television, including during its sponsorship and national telecast of the college football "Belk Bowl", which this year is scheduled for December 29, 2016.

## Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). Personal jurisdiction in this District is proper inasmuch as Defendants have solicited and conducted business within the State of Ohio. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2).

## Facts
## The COUNTRY GIRL Trademarks

5. Plaintiff's COUNTRY GIRL branded merchandise, including women's clothing, hats and accessories is widely known among people looking for a relaxed, rural yet sophisticated style. COUNTRY GIRL branded apparel is worn by celebrities, country musicians and entertainers, such as American Idol favorite Lauren Alaina, actress Jamie Pressley, Meghan Lindsey of the band Steel Magnolia, entertainer Barbara Eden and singer Britney Spears.






6. COUNTRY GIRL apparel and accessories are advertised in magazines such as People, OK Weekly, US Weekly and have been included in celebrity gift bags at the Country Music Awards and other events.

7. Plaintiff is the owner of the trademark COUNTRY GIRL, all common law rights relating to the use of the mark, the United States Trademark Registrations thereof, and the goodwill symbolized by the trademark and the registrations thereof for a variety of goods, including the following:

    a. COUNTRY GIRL - Registration No. 3,443,872, registered June 10, 2008, for "T-shirts and hats";

    b. COUNTRY GIRL(and design) 

    Registration No. 3,443,913, registered June 10, 2008, for "T-shirts and hats";

    c. COUNTRY GIRL – Registration No. 3,041,646, registered January 10, 2006 for "Sportswear and casual clothing, namely, tee-shirts, hats

    d. COUNTRY GIRL – Registration No. 4,949,926, registered May 3, 2016 for Clothing and apparel, namely, hats, cowboy hats, t-shirts, long sleeve t-shirts, hooded fleece tops, hooded shirts, hooded sweatshirts, tank tops, sweatshirts, sweatpants, sweat suits, dresses, shorts, camisoles, scarves, and intimates, namely, bras, panties, boy shorts, and nightgowns

All of the above, including the common law rights therein, are collectively referred to as the "COUNTRY GIRL TradeTrademarks".) Copies of the above identified registrations are attached hereto as Exhibit A.

8. The registrations identified in paragraph 7 are valid and subsisting and record title is in Plaintiffs; the Certificates of Registration are *prima facie* evidence of the validity of the registrations, the Plaintiff's ownership of the COUNTRY GIRL Trademarks, and of the Plaintiff's exclusive right to use the COUNTRY GIRL in commerce in connection with the goods and services specified in the Certificates of Registration under the provisions of 15 U.S.C. § 1057(b) and constructive notice of the Plaintiff's claim of ownership under 15 U.S.C. § 1072. The COUNTRY GIRL Trademarks identified in paragraph 7(a-c) are incontestable, which provides conclusive evidence of the validity of the registrations, the Plaintiff's ownership of the COUNTRY GIRL Trademarks, and of the Plaintiff's exclusive right to use the COUNTRY GIRL Trademarks in commerce in connection with the goods and services specified in the Certificates of Registration under the provisions of 15 U.S.C. § 1115(b).

9. The COUNTRY GIRL Trademarks have been extensively and continually used, promoted, advertised, and licensed by Plaintiff within the United States for more than twelve (12) years for sportswear, accessories and related products.

10. Substantial amounts of time, effort and money have been expended over those years in ensuring that the general public associates such trademarks exclusively with Plaintiff and its products and licensees. In the past five years alone, Plaintiff has expended hundreds of thousands of dollars in marketing, advertising and promoting goods using the COUNTRY GIRL Trademarks.

11.     The COUNTRY GIRL Trademarks on sportswear and accessories have acquired substantial recognition by virtue of Plaintiff's and its licensees' use and efforts to promote and expand the use of the COUNTRY GIRL Trademarks, and through Plaintiff's vigilance in policing the use of the COUNTRY GIRL Trademarks.

12.     The COUNTRY GIRL Trademarks have acquired an extraordinary degree of consumer recognition in the minds of the public, and serve uniquely to identify the COUNTRY GIRL products and lifestyle.

13.     LML licenses the COUNTRY GIRL Trademarks for a variety of goods, including clothing.  By way of example, LML is currently licensing the COUNTRY GIRL Trademarks to Haas Outdoors, Inc. ("Haas"), the manufacturer of Mossy Oak apparel, for use on clothing items. Haas sells the licensed COUNTRY GIRL clothing nationally, including in such stores as Cabella's and Bass Pro Shops.  LML strictly controls all uses of the COUNTRY GIRL Trademarks, including all licenses for use by any third party.

**Defendant's Wrongful Acts**

14.     Upon information and belief, Defendant Belk has a house brand of clothing that it sells under its Red Camel brand.  Since at least as early as March, 2016, and continuing until the present, Belk has been selling shirts under its Red Camel brand that prominently display the COUNTRY GIRL mark:









15. In early 2015, LML and Belk entered into preliminary discussions regarding LML licensing its COUNTRY GIRL trademark to Belk for use on Belk's Red Camel brand of clothing. The discussions ended and LML never entered into any licensing relationship with Belk, and LML has never licensed or authorized Defendant to use any of the COUNTRY GIRL Trademarks.

**First Cause Of Action**
**Federal Trademark Infringement**

16. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 15 of the Complaint.

17. Defendant's aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

18. Plaintiff's federal registrations on the Principal Register for COUNTRY GIRL Trademarks identified in paragraph 7(a-c) are incontestable, which provides conclusive evidence of the validity of the registrations, the Plaintiff's ownership of the COUNTRY GIRL Trademarks, and of the Plaintiff's exclusive right to use the COUNTRY GIRL Trademarks in commerce in connection with the goods and services specified in the Certificates of Registration under the provisions of 15 U.S.C. §1115(b)).

19. Defendant's knowing and willful misuse of the COUNTRY GIRL name and trademarks on apparel after discontinuing its efforts to license the COUNTRY GIRL Trademarks from Plaintiff, is likely to cause confusion as to sponsorship or authorization by Plaintiff. Defendant's actions constitute willful trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

20. As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer great damage to their business, goodwill, reputation, profits and the strength of the COUNTRY GIRL Trademarks. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

21. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

22. Plaintiff is entitled to a preliminary and permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorneys' fees.

## Second Cause of Action
### Federal Unfair Competition, False Designation of Origin, and Passing Off

23. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 22 of the Complaint.

24. Because of Defendant's efforts to license the COUNTRY GIRL trademark in association with Belk's Red Camel brand of clothing, Plaintiff's licensees and consumers are falsely led to believe that the Red Camel items displaying the COUNTRY GIRL Trademarks are associated with, endorsed by or are sponsored, or otherwise approved by Plaintiff, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. The foregoing acts and conduct by Defendant constitutes false designation of origin, infringement of Plaintiff's common law trademarks, and passing off in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26. Defendant's acts, as set forth above, have caused irreparable injury to Plaintiff's goodwill and reputation. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

27. Plaintiff is entitled to a preliminary and permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorneys' fees.

### Third Cause of Action
### Reverse Confusion

28. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 27 of the Complaint.

29. Defendant is a major department store chain, with revenues in 2014 of $4.0 billion, 300 retail outlets and a significant online presence.

30. Plaintiff is primarily in the business of licensing its COUNTRY GIRL Trademarks to other apparel manufacturers. It does not have retail outlets, and has a limited online sales presence. In 2015, Plaintiff had revenues of approximately $350,000 from retail online sales of its COUNTRY GIRL apparel.

31. Defendant, the junior user of the COUNTRY GIRL Trademarks, is more financially equipped than Plaintiff, the senior user, and has been and is able to gain national recognition for the COUNTRY GIRL Trademarks by virtue of its ability to widely distribute, through its retail outlets and online, apparel bearing the COUNTRY GIRL Trademarks.

32. As a result, customers are likely to be confused into thinking that the Plaintiff's goods emanate from or are affiliated with Defendant, and may also assume that Plaintiff is infringing on Defendant's Trademarks, which will negatively impact Plaintiff's reputation and good will.

### Fourth Cause of Action
### Counterfeiting

33. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 32 of the Complaint.

34. Defendant has, without authorization from Plaintiff, sold, offered for sale, distributed and/or advertised apparel that displays counterfeits or colorable imitations of Plaintiff's registered COUNTRY GIRL Trademarks.

35. Defendant's actions are intended to cause, have caused and are likely to continue to cause confusion, mistake and deception among consumers, the public and Plaintiff's licensees as to whether Defendant's infringing merchandise originates from or is affiliated with, sponsored by or endorsed by Plaintiff.

36. Defendant has acted with knowledge of Plaintiff's ownership of the COUNTRY GIRL Trademarks and with deliberate, willful intention to trade upon the consumer goodwill created and enjoyed by Plaintiff for Defendant's profit.

37. Defendant's acts constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

38. The goodwill of the COUNTRY GIRL Trademarks is of enormous value, and Plaintiff is suffering and will continue to suffer irreparable harm should Defendant's unauthorized production and sale of counterfeit merchandise continue.

39. Defendant's use of the COUNTRY GIRL Trademarks on counterfeit merchandise will continue unless enjoined by this Court.

40. Plaintiff is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, statutory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

(1) that Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of the court's order by personal service or otherwise, be permanently enjoined from:

(a) doing any act or thing likely to induce the belief that Defendant's businesses, services or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by Plaintiff;

(b) selling or licensing any clothing, apparel or other items using the COUNTRY GIRL Trademarks;

(2) that Defendant, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiffs within thirty (30) days after service of the permanent injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

(3) that Plaintiff recover its actual damages sustained as a result of Defendant's wrongful actions;

(4) that Plaintiff recover Defendant's profits made as a result of Defendant's wrongful actions;

(5) that Defendants pay statutory damages of $1,000,000 per counterfeit mark per type of product sold, offered for sale, or distributed in accordance with 15 U.S.C. § 1117;

(6) that Plaintiff recover three (3) times Defendant's profits made as a result of Defendant's wrongful actions or three (3) times Plaintiff's damages, whichever is greater;

(7) that this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendant be deemed liable for and ordered to reimburse Plaintiff for its reasonable attorneys' fees;

(8) that Plaintiff be awarded exemplary damages for Defendant's willful and intentional acts;

(9) that Plaintiff recover its costs of court; and

(10) that Plaintiff recover such further relief to which it may be entitled.

Dated: August 25, 2016	Respectfully submitted,

/Joseph R. Dreitler/
Joseph R. Dreitler, Trial Attorney (0012441)
Mary R. True (0046880)
DREITLER TRUE LLC
197 E. Kossuth Street
Columbus, OH 43206
Telephone: (614) 449-6677
jdreitler@ustrademarklawyer.com
mtrue@ustrademarklawyer.com

*Attorneys for Plaintiff, LML Investments LLC*